## Luna C. Shepherd

### *vs.*

## Maine Central Railroad Company.

### Penobscot.    Opinion November 21, 1914.

*Damages.   Own.   Plaintiff's description.   Plan.   Revised Statutes, Chap. 52,*
*Sec. 73.   Title.*

1. Under the declaration and plea, the plaintiff, without offering any evidence of a paper title, proved his title by the use of a plan and oral testimony. The plan was used under the eye of the Court, without objection by counsel, and must be assumed to be substantially correct.

2. No objection or question was made by the defendant as to the truth of plaintiff's claim of ownership, nor as to the accuracy of the plan which was used to indicate and explain the extent and boundary of the burned area, as set forth in the writ. After the plaintiff had testified to his ownership of the land and described it as delineated upon the plan, the defendant waived his right of cross-examination and left the plaintiff's testimony and the plan uncontested and impressed with the presumption of truth, both as to title and description.

3. The word "own" used as a verb has a well defined meaning in law and is defined, "to have a good legal title; to hold as property; to have a legal or rightful title to; to have; to possess."

4. There can be little doubt that the claim of ownership, as made by the plaintiff, his minute description on the plan of his damaged premises; the conceded truth of his testimony upon both ownership and accuracy of the plan, were sufficient, under the circumstances of this case, to afford prima facie evidence of title.

5. It is well settled, that a party who would have the advantage of an oversight, if he wins, must take the disadvantage of the same oversight, if he loses. He must be deemed to have waived the deficiencies, under the circumstances, if there is sufficient in all the testimony to make a prima facie case.

On motion and exceptions by the defendant. Motion and exceptions overruled.

This is an action on the case, under Revised Statutes, Chap. 52, Sec. 73, to recover damages for injuries to a maple growth by fire communicated thereto, by a locomotive engine of the defendant

company.  Plea, the general issue.  The defendant requested the Justice presiding to instruct the jury that "the plaintiff is only entitled to recover for the maple wood under his declaration, the difference in value of the maple before and after the fire."  The instruction was refused and the defendant excepted thereto.  The jury returned a verdict for the plaintiff of $210.41.  The defendant filed a general motion for a new trial.

The case is stated in the opinion.

*T. B. Towle*, for plaintiff.

*Fellows & Fellows*, for defendant.

SITTING:  SPEAR, J., CORNISH, BIRD, HALEY, PHILBROOK, JJ.

SPEAR, J.  This action is brought under R. S., Chap. 52, Sec. 73, to recover damages for the burning of a maple growth on the land of the plaintiff in the town of Dexter.

The plaintiff declared upon his own seizin, and describes his land by metes and bounds.  He then further describes it as "being in the town of Dexter and lying along side of and adjoining the railroad track of the Maine Central Railroad Company . . . known as the Dexter branch, and sometimes called the Dexter and Dover branch of said railroad."

The plea was the general issue.

Under this declaration and plea the plaintiff proved his title by the use of a plan, and by oral testimony.  He offered no evidence of a paper title.  The plan was used under the eye of the Court without objection by counsel and must be assumed to be substantially correct.  Otherwise it would and should have been objected to and excluded until properly amended.  We start then with the admission that the plan contained a· substantially correct location and delineation of the premise as described in the plaintiff's writ.  Unfortunately the plan was not made a part of the case and therefore is not before us.  But the record shows that it was before the Court and jury at nisi and recognized by counsel upon both sides, as a substantially correct representation of the locus described in the writ.  The only proof of title is shown by the following testimony:  Q.  Now will you describe on the plan the land that is owned by you?  He then proceeds to describe the "land owned" by him by the use of the plan.

No objection or question was made by the defendant as to the truth of the plaintiff's claim of ownership, nor as to the accuracy of the plan which was used to indicate and explain the extent and boundary of the burned area, as set forth in his writ. No objection whatever was made that the locus described on the plan did not correspond with that described in the writ. After the plaintiff had testified to his ownership of the land and described it as delineated upon the plan, the defendant waived his right of cross-examination and left the plaintiff's testimony and the plan absolutely unassailed, and accordingly impressed with the presumption of truth both as to title and description. Was this testimony sufficient to prove prima facie title? Now the word "own" as applied to land means all the lands claimed and possessed by the party termed the owner. The word "own" used as a verb has a well defined meaning in law. 29 Cyc., 1548. "Own, To have a good legal title; to hold as property; to have a legal or rightful title to; to have; to possess."

There can be little doubt that the claim of ownership as made by the plaintiff; his minute description on the plan of his damaged premises; the conceded truth of his testimony upon both ownership and accuracy of the plan; the omission to call for any further proof of title or description; were sufficient, under the circumstances of this case, to afford prima facie evidence of title.

But the defendant further objects that the premises described by the plaintiff do not correspond with the premises described in the declaration. Here again the plan plays an important part, when considered in connection with the way in which it was treated by the defendant. By the testimony it will be seen that the plaintiff minutely described his land, as delineated upon the plan, and pointed out the burned area, as appears by the following question: Q. Now on that chalking will you show the jury where the maple grove was that was burned over? He then goes on to describe it. He further said that the track of the railroad went "right through" his property. Cross-examination of the plaintiff was waived, but of another witness defendant's counsel asked this question: Q. Is the plan up there correct, so far as you know, in regard to the location of the small lots? A. I should say it was. When the testimony of the plaintiff, describing the burned area by the plan, had been fully adduced; when all the evidence upon the other issues had been presented; when the plaintiff's case was closed; the defendant, up to this time,

had made no objection to any variation between the proof and the allegations; raised no question as to the accuracy of the plaintiff's description of the area burned over; offered no suggestion of anything wanting to enable the Court and jury to fully understand the case; and introduced no evidence in defense to explain, modify or contradict any contention or fact sought to be established by the plaintiff's evidence; but after verdict against it the defendant for the first time raises objections to proof of title and variation between proof and pleading.

At this juncture arises a question of practice, how far a party can take advantage of inadvertancies if he wins, and avoid the disadvantages, if he looses. Upon this point we think it is well settled, that a party who would have the advantages of an oversight if he wins, must take the disadvantages of the same oversight, if he looses. He must be deemed to have waived the deficiencies, under the circumstances, if there is sufficient in all the testimony to make a prima facie case. *Raymond* v. *Connors*, 62 Maine, 110.

We are of the opinion that the plaintiff made out a prima facie case before the jury, although the plan or chalk, which was important in enabling the jury, Court and counsel to understand the case, is not before us to give us as full information as was furnished at the trial. Sufficient information, however, we readily gather from the record. Accordingly our conclusion is that the plaintiff made out a prima facie case of title and a sufficiently definite description of the burned area to entitle him to recover whatever damages he was able to prove.

It would be of no avail to rehearse the evidence upon the question of damages. The verdict was only $210.41, and if warranted under the rule of law given by the presiding Justice must be allowed to stand.

This brings us to the exception. The allegation was that "the maple growth on said land above described was injured and destroyed by fire," etc. The defendant requested the presiding Justice to instruct the jury as follows: "The plaintiff is only entitled to recover for the maple wood under his declaration. The difference in value of the maple before and after the fire." The Court refused to give this instruction, but did give the following: "That the plaintiff is only entitled to recover for the maple growth under his declaration. I said so. The difference in the value of the maple growth, before and after the fire."

From this exception it appears that the presiding Justice had already instructed the jury as to the measure of damages, precisely as he did after the requested instruction. The instruction given corresponded with the allegations in the declaration that the maple grove, not the maple wood, was damaged. With only this information regarding the charge to the jury upon this point, we cannot say that the instruction was wrong. It is palpably plain that there might be a marked difference between the value of a maple grove and the maple wood comprising the grove. What the presiding Justice said regarding this point does not appear, and as no exceptions were taken, the distinction which he made must be regarded as correct.

*Motion and exceptions overruled.*